FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2008 AUG 28 PM 3:20

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAVID ANTHONY MIER<br>Plaintiff | * | CIVIL ACTION 08-4299 |
| | * | NO. |
| VERSUS | * | SECTION: SECT. S MAG. 5 |
| WOOD TOWING, L.L.C., WOOD RESOURCES, L.L.C., WOOD RESOURCES CORPORATION, | * | MAGISTRATE: |
| WOOD TOWING COMPANY, INC., AMERICAN RIVER TRANSPORTATION | * | IN ADMIRALTY/RULE 9(h) |
| COMPANY and TAKO TOWING, INC.<br>Defendants | * | |

******************************************************************************

**COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes DAVID ANTHONY MIER, a person of full age of majority and a resident of the State of Louisiana, and for his Complaint, he respectfully avers as follows:

1.

**JURISDICTION**

This Honorable Court has jurisdiction over this matter in admiralty, pursuant to 28 U.S.C. 1333, and these claims are designated as claims in admiralty pursuant to Rule 9(h) of the Federal Rules of Civil Procedure.

✓ Fee 350.00
___ Process
X Dktd
___ CtRmDep
___ Doc. No.

2.

Made defendants herein are:

1. **WOOD TOWING, L.L.C.** on information and belief, a corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court, and at all times pertinent hereto, the employer of DAVID ANTHONY MIER, and/or the owner and/or operator of the M/V HAROLD ANCAR;

2. **WOOD RESOURCES, L.L.C.**, on information and belief, a corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court, and at all times pertinent hereto, the employer of DAVID ANTHONY MIER, and/or the owner and/or operator of the M/V HAROLD ANCAR;

3. **WOOD RESOURCES CORPORATION**, on information and belief, a corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court, and at all times pertinent hereto, the employer of DAVID ANTHONY MIER, and/or the owner and/or operator of the M/V HAROLD ANCAR;

4. **WOOD TOWING CO., INC.**, on information and belief, a corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court, and at all times pertinent hereto, the employer of DAVID ANTHONY MIER, and/or the owner and/or operator of the M/V HAROLD ANCAR;

5. **AMERICAN RIVER TRANSPORTATION CO.**, on information and belief, a corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court, and at all times pertinent hereto, the employer of

DAVID ANTHONY MIER, and/or the owner and/or operator of the barge on which plaintiff was injured; and,

**6.** **TAKO TOWING, INC.**, on information and belief, a corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court, and at all times pertinent hereto, the employer of DAVID ANTHONY MIER, and/or the owner and/or operator of the barge on which plaintiff was injured.

**FIRST CAUSE OF ACTION**

3.

DAVID ANTHONY MIER, was at all times mentioned herein an employee of the defendants and a member of the crew of the M/V HAROLD ANCAR, a vessel owned and/or operated by defendants, Wood Towing, L.L.C., Wood Resources, L.L.C., Wood Resources Corporation and/or Wood Towing Co., Inc., performing his duties as a seaman aboard said vessel, working in the interest of said defendants, which defendants are liable unto him under the admiralty law known as the Merchant Marine Act, modified and commonly known as the Jones Act, 46 U.S.C. Appx. § 688 (now 46 U.S.C. § 30104), and/or alternatively pursuant to 33 U.S.C. § 905(b), and pursuant to the General Maritime Law of the United States of America, and under the law and statutes of the State of Louisiana, and he brings this suit pursuant to the "savings to suitors" clause of the United States Constitution and hereby designates this claim as one in admiralty and maritime, for the following reasons:

4.

On or about September 29, 2007, DAVID ANTHONY MIER, was employed as a seaman aboard the M/V HAROLD ANCAR, a vessel owned and/or operated by

defendants, Wood Towing, L.L.C., Wood Resources, L.L.C., Wood Resources Corporation and/or Wood Towing Co., Inc., which vessel was in the navigable waters of the United States and within the jurisdiction of this Court. On that date, plaintiff was performing his assigned duties as a seaman aboard a barge owned and/or operated by defendant, American River Transportation Company, while making tow for defendant, Tako Towing, Inc. In the course of performing those duties, suddenly and without warning and due to the negligence of the defendants and/or the unseaworthiness of the vessels, plaintiff was caused to sustain severe and disabling injuries when he slipped and fell on a manhole cover on the ARTCO barge.

5.

Plaintiff was in no manner negligent. On information and belief, plaintiff alleges that the sole and proximate cause of the accident and his injuries, as described herein, was the unseaworthiness of the vessel and/or negligence and/or failure of the defendants, and their employees, servants and/or agents, in carrying out their obligations and duties, individually and concurrently, in the following respects:

1. Failure to provide plaintiff with a safe place in which to work;
2. Failure to warn the plaintiff;
3. Failure to warn plaintiff of the dangerous and unsafe conditions of the vessels;
4. Failure to exercise reasonable care in discovering and correcting any and all unsafe conditions existing on the vessels;
5. Failure to provide plaintiff with the proper equipment and/or personnel to accomplish his job in a reasonably safe manner;
6. Creation and maintenance of unseaworthy vessels, and failure to properly maintain and repair the vessels and their equipment;

7. Failure to provide competent and adequate supervisory authority;

8. Hiring untrained and unskilled employees;

9. Retaining employees found to be careless and/or unskilled;

10. Failure to properly man the vessel;

11. Breach of legally imposed duties of reasonable care owed by the defendant(s) to the plaintiff;

12. Failure to provide prompt and adequate medical care, treatment, maintenance and cure, thereby causing additional damages, including but not limited to any negligent hiring and/or retention of physicians and/or disregarding advice of physicians;

13. Other acts of negligence and conditions of unseaworthiness to be proven at the trial of this case.

6.

Solely by reason of the negligence of the defendants and unseaworthiness of the vessels, and other acts and inactions described herein, plaintiff sustained serious injuries including but not limited to the following: possible ruptured and/or herniated discs and nerve damage, as well as other injuries to his bones, muscles and joints, organs and tissues among other component parts of his head, back, neck, shoulders, ribs, legs, feet, and hands. As a result thereof, plaintiff in the past and in the future: require medicines, medical care, medical treatment, have to expend moneys and incur obligations for treatment and care, suffer agonizing aches, pains, and mental anguish, and be disabled from performing his usual duties, occupations and avocations.

7.

As a direct and proximate result of the aforesaid negligence, breach of duties, and unseaworthiness on the part of the defendants herein, plaintiff has suffered injuries and

damages for which defendants are liable unto him, plus legal interest from the date of occurrence, a reasonable attorney's fee, and all costs of these proceedings.

**SECOND CAUSE OF ACTION**

**MAINTENANCE AND CURE**

8.

Plaintiff repeats and realleges all of the foregoing paragraphs with the same force and effect as if herein set forth in full, and in addition thereto alleges that as a result of the aforementioned injuries which plaintiff received aboard the vessel, he was rendered unfit for duty as a seaman from the date of the accident, on or about September 29, 2007.

9.

Pursuant to the General Maritime Laws of the United States of America, the defendants owed the absolute and non-delegable duty to provide plaintiff with maintenance and cure benefits from the date of his injury until full recovery.

10.

Thus, the defendants are indebted unto the plaintiff for maintenance and cure benefits in the amount of THIRTY ($30.00) DOLLARS per day from September 29, 2007, until he has fully recovered from his injuries, or such amount as he is legally entitled to, together with interest from the date of occurrence, a reasonable attorney's fee and all costs of these proceedings.

11.

In addition, the defendants' failure and/or refusal to pay the plaintiff's maintenance and cure benefits has been arbitrary, capricious and without cause. As a result, the plaintiff has had to endure additional and unnecessary pain and suffering and

possible worsening of his physical condition. As a result thereof, the defendants are liable unto the plaintiff for additional compensatory damages in a full and true amount to be determined at the trial of this matter, together with interest from the date of occurrence, a reasonable attorney's fee and all costs of these proceedings.

**WHEREFORE**, DAVID ANTHONY MIER, prays that his Complaint be deemed good and sufficient, and that after due proceedings had and the expiration of all legal delays herein:

1. That there judgment in favor of DAVID ANTHONY MIER, and against the defendants, WOOD TOWING, L.L.C., WOOD RESOURCES, L.L.C., WOOD RESOURCES CORPORATION, WOOD TOWING CO., INC., AMERICAN RIVER TRANSPORTATION CO. and TAKO TOWING, INC., jointly, severally, and *in solido*, in damages in an amount to be determined at trial, together with interest from the date of occurrence until paid, attorneys fees, and all costs;

2. There be a judgment rendered herein in favor of DAVID ANTHONY MIER, and against the defendants for maintenance and cure benefits, past, present, and future at a daily rate of THIRTY ($30.00) DOLLARS, plus interest from the date of occurrence, costs and attorneys fees therefore, all in a true sum to be determined at the trial of this case;

3. There be judgment herein in favor of DAVID ANTHONY MIER, and against the defendants for additional compensatory damages for the defendants' arbitrary, capricious, and/or without cause failure and/or refusal to pay plaintiff's maintenance and

cure benefits, in an amount to be determined at trial, together with interest from the date of occurrence, a reasonable attorney's fee, and all costs of these proceedings;

4. For any and all other relief which the law and justice provide.

**RESPECTFULLY SUBMITTED:**

LAWRENCE BLAKE JONES (7495)
DAVID C. WHITMORE (17864)
JULIE SUMRALL (21387)
**SCHEUERMANN & JONES**
909 Poydras Street, Suite 2556
New Orleans, Louisiana 70112
Telephone: (504) 525-4361
Facsimile: (504) 525-4380
Attorneys for Plaintiff,
David Anthony Mier