# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID ANTHONY MIER | CIVIL ACTION |
| VERSUS | NO: 08-4299 |
| WOOD TOWING, LLC, ET AL | SECTION: "S" (5) |

## ORDER AND REASONS

**IT IS ORDERED** that the Motion for Partial Summary judgment (Doc. #19) by defendants Wood Towing, LLC, Wood Resources, LLC, Wood Resources Corporation and Wood Towing Company, Inc. (collectively Wood Towing) is **GRANTED** in part, and plaintiff's claims of unseaworthiness against Wood Towing are dismissed.[1] However, the motion to dismiss plaintiff's Jones Act claim against Wood Towing is **DENIED.**

The Motion for Summary Judgment (Doc. #27) by American River Transportation Co. (ARTCO) is **DENIED**.

## BACKGROUND

Plaintiff David Anthony Mier alleges that on September 29, 2007, while a member of the crew of the M/V HAROLD ANCAR, a vessel owned and operated by plaintiff's employer, Wood

---

[1] Plaintiff does not oppose Wood Towing's request for summary judgment on the unseaworthiness claim.

Towing, he slipped and fell in a slippery substance on a barge owned by ARTCO. Plaintiff claims that both vessels were unseaworthy; that plaintiff's injuries were caused by defendants' negligence; and that he is entitled to maintenance and cure.

Wood Towing moves for partial summary judgment, dismissing all "compensatory damage claims ..., leaving only maintenance and cure issues to be litigated."

ARTCO moves for summary judgment, dismissing plaintiff's negligence claims under general maritime law.[2]

**ANALYSIS**

**1. Legal Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law."[3] If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.[4]

**2. Motion for Partial Summary Judgment by Wood Towing**

A Jones Act employer has a non-delegable duty to provide a seaman with a safe place to work. *Martin v. Walk, Haydel & Associates, Inc.*, 742 F.2d 246 (5th Cir. 1984). A shipowner in a

---

[2]Plaintiff dismissed his claims against ARTCO for unseaworthiness, and reserved his rights to proceed against ARTCO under general maritime law for negligence which is plaintiff's remaining claim against ARTCO.

[3]*Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. Proc. 56(c).

[4]*Celeotex Corp. v. Catrett*, 106 S.Ct. 2548, 2552 (1986).

2

Jones Act has a duty to warn his employees "in an effective way of dangers not reasonably known." *Davis v. Parkhill-Goodloe Co., Inc.*, 302 F.2d 489, 494 (5th Cir. 1962), *overruled on other grounds*, *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 338-39 (5th Cir. 1997). Whether such a duty exists in a particular case is a matter of law.

Wood Towing claims that plaintiff's testimony at his deposition establishes that plaintiff's slip and fall was caused solely by plaintiff's own negligence and inattentiveness to an open and obvious condition. Wood Towing states that plaintiff had been on the barge earlier in the day, and had the opportunity to observe the allegedly slippery area. Plaintiff testified at his deposition that he was an experienced deckhand, and that he slipped in an area which had "spoiled meal, a puddle of water, [and] stagnated water."

Plaintiff's co-worker testified at his deposition that the puddle appeared stagnant with algae, as if it had been there a long time, but that it did not appear to be a slippery puddle. Plaintiff contends that Wood Towing had a duty to inspect the barge prior to plaintiff's fall. Plaintiff notes that his captain testified that he inspected the barge after plaintiff's accident, but did not see the area where plaintiff fell.

Wood Towing acknowledges that plaintiff's version of the accident is "hotly contested," and that "each of the crew [has] a somewhat different version of the facts." While the existence of a duty is a matter of law, the determination of a duty cannot be resolved in this case with the questions of material fact as to how the accident occurred. Further, under certain circumstances, a Jones Act employer's duty toward his employee may include "'a duty to inspect the third party's property for hazards and to take precautions to protect the employee from possible defects.*" Davis,* 549 F.2d at

3

329 (*citing Nivens v. St. Louis Southwestern Railway Co.*, 425 F.2d 114, 118-19 (5th Cir.), *cert. denied,* 400 U.S. 879 (1970)).  The court cannot determine from the facts presented to the court whether such a duty exists in this case.

The motion for partial summary judgment is granted in part, and plaintiff's claims of unseaworthiness against Wood Towing are dismissed.  The motion to dismiss plaintiff's Jones Act claim against Wood Towing is **DENIED.**

**3. Motion for Summary Judgment by ARTCO**

In *Verdin v. C&B Boat Co.*, 860 F.2d, 155-56 (5th Cir. 1988), the court held that a vessel owner's duty to exercise reasonable care is not eliminated when it relinquishes control of its vessel to a third-party contractor.  *See also River Transp Associates v. Wall*, 5 F.3d 97, 102 (5th Cir. 1993)("the liability of a vessel owner may survive the lengthy control over its vessel by a third party").

ARTCO denies owing a duty to plaintiff because it was unaware of any hazardous condition on the barge at the time of plaintiff's accident, and because it had no way of knowing that such existed.  ARTCO claims that an inspection report fifteen days before the accident did not reveal spoiled meal or water on the bow of the barge, and that it received no complaints about hazardous conditions on the barge prior to plaintiff's accident.

Plaintiff's co-worker testified at his deposition that it appeared that the puddle, which was green with algae, had been there a long time.  Plaintiff contends that ARTCO's inspection report contained a section which was left blank relative the barge's deck, and whether it was clean of trash, grain, and fertilizer.  Plaintiff contends that there is no evidence that ARTCO had inspected the barge

4

for spoiled meal or water on the deck of the barge.

The determination of whether ARTCO owed a duty to plaintiff cannot be resolved in this case with outstanding questions of material fact as to how the accident occurred, and whether and when the barge deck had been inspected by ARTCO for hazardous conditions. The motion for summary judgment is denied.

New Orleans, Louisiana, this __9th__ day of September, 2009.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**