UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID ANTHONY MIER | CIVIL ACTION |
| VERSUS | NO. 08-4299 |
| WOOD TOWING, LLC ET AL. | SECTION "S"(5) |

**IT IS HEREBY ORDERED** that the Motions for Judgment on Partial Findings under Federal Rule of Civil Procedure 52(c) are **GRANTED**. The claims for Jones Act negligence against Wood Towing, L.L.C. (Wood Towing) and the General Maritime Law claims against American River Transportation Co. (ARTCO) are **DISMISSED.**

This case was tried on October 22, 2009 as non-jury trial. After the presentation of plaintiff's case, the defense moved for a Rule 52(c) Judgment on Partial Findings. The court grants the motions for the reasons that follow.

**FINDINGS OF FACT AND CONCLUSION OF LAW**

On September 29, 2007 plaintiff, an employee of Wood Towing, L.L.C. was injured when he slipped and fell while working as a deckhand aboard a barge owned by ARTCO.

In support of his claims, plaintiff presented the testimony of his fellow deckhand, Mike McCormick, who was an eye witness to plaintiff's fall. He saw plaintiff step in a puddle on the barge. He described the puddle as nasty and slick, apparently consisting of water, spoiled grain and algae, which appeared to have been on the deck for "a while." However, he did not consider it out of the ordinary for there to be puddles like this one on a grain barge, nor would he have

1

called the vessel's captain to report it had he seen it before the fall. He further testified that deckhands were instructed to keep decks clean and free of debris and water. He observed plaintiff descend from the top of the barge cover, onto the winch, and into the puddle. He opined that plaintiff could have come down from the cover at a point where he would not have had to step in the puddle. According to McCormick, the puddle was about two feet square, and one inch deep, and was open and obvious. McCormick did not think the puddle presented a problem. He acknowledged that brooms and buckets were available on the vessel, that he and plaintiff could have cleaned the puddle if necessary, and that the policy manual instructs that part of the job description of a deckhand included walking on barge decks which have "product such as grain, coal, or water on surface." He did not agree with plaintiff's assessment that the puddle was four by six feet wide and six inches deep.

Roger Paul Dufrene, the captain of the vessel, received the accident report from the plaintiff. He testified that he had inspected the barge from his position in the wheelhouse thirty feet away from the location of the puddle, and observed no spoiled meal on the deck or anything else that was unsafe. He, corroborated McCormick's testimony that the existence of puddles of water, algae and grain is typical on decks of barges. He thought that the method used by plaintiff to tighten the winch was unusual in that plaintiff put one foot on the winch before tightening with the cheater bar. He described the puddle as a very small puddle in two or three spots, covering about six or seven inches each, contradicting his deposition testimony that it was big "enough to cover the deck." He acknowledged Rule 8 of the Safety Policy for deckhands which provides that "boat and tow shall always be kept clean and free of obvious safety hazards, and Rule 10 which provides that decks and walkways should be kept dry and free of cargo residues,

2

which "shall be removed as soon as possible" by deckhands.

John Madere, operations manager for Wood, described the method plaintiff should have used in walking through the puddle by sloshing through it, keeping his feet parallel to the deck, rather than walking heel to toe. Madere said it is routinely necessary to walk through water and grain on this job.

Plaintiff, who was 23 years old at the time of the accident, testified that he climbed onto the winch, and as he put his left foot to the ground his feet went out from under him and he fell backwards onto the manhole cover. He described "puddles everywhere," but conceded the "just comes with the job," and that a deckhand must "deal with spoiled meal on the deck." He admitted the puddle was open and obvious, that he saw it in the twenty-five minutes he was on the barge before he fell, and that although he thought the puddle was hazardous he did not call to report it.

Plaintiff has a very negative work history, having held twenty-three jobs from the time he was eighteen years old. He admitted to answering untruthfully several questions on his job application relative to having a high school diploma; a criminal conviction for possession of marijuana; a previous firing for drug use; and sustaining a prior work related injury.

A cause of action under the Jones Act is predicated upon showing of employer negligence. *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cir. 1997). An employer has the duty to exercise reasonable care under the circumstances. *Gautreaux, supra.* The employer also has a non-deligible duty to provide its employee seamen with a safe place to work. *Martin v. Walk, Haydel & Associates, Inc.,* 742 F.2d 246 (5th Cir. 1984). He also has a duty to inspect the third party's property for hazards and to take precautions to protect the employee from

possible defects. *Daris v. Parkhill-Goodline Co., Inc.,* 302 F.2d 489 (5th Cir. 1962), *overruled on other grounds.*

The third party barge owner has a duty to exercise reasonable care under the circumstances. Likewise, the employee has the duty to exercise reasonable care for his own safety. *Gautreaux, supra,* at 229.

The court finds the puddle in question is similar to puddles which routinely exist on barges such as the one at issue. Specifically, I reject plaintiff's unsupported testimony that the puddle was 4' x 6' and 6" deep; and find that the puddle was typical of puddles routinely present on barges of this type.

Evaluating the evidence presented in light of the relative legal duties of plaintiff, his employer, Wood Towing, L.L.C. and the barge owner, ARTCO, plaintiff has failed to meet his burden of proving by a preponderance of the evidence that either defendant breached a duty owed to plaintiff.[1]

New Orleans, Louisiana this 4th day of November, 2009.

Mary Ann Vial Lemmon
United States District Judge

---

[1] Because of this ruling, the determination whether the barge belonged to ARTCO does not need resolution.